Filed 1/18/24  Vess v. Salem CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| BRYAN C. VESS et al., | D081614 |
| Plaintiffs and Respondents, | |
| v. | (Super. Ct. No. 37-2022-00047041-CU-OR-CTL) |
| AUDAY SALEM et al., | |
| Defendants and Appellants. | |

APPEAL from an order of the Superior Court of San Diego County, Joel R. Wohlfeil, Judge.  Request for judicial notice denied; motion to strike denied.  Affirmed.

LiMandri and Jonna, Charlies S. LiMandri, Paul M. Jonna and Jeffrey M. Trissell for Defendants and Appellants.

Bryan C. Vess, in pro. per., for Plaintiffs and Respondents.

Bryan and Jora Vess (collectively, the Vesses) own a home in La Mesa, California. Auday Salem (through a family trust) owns the residence next door. When Salem began discussing plans to tear down and remodel his home—plans that included a new retaining wall between the two properties—the Vesses became concerned that the exact location of the property line was unclear. They filed a complaint for quiet title, asserting that their deed describes the property in metes and bounds, that there are insufficient corner monuments, and that there is no Record of Survey conclusively establishing the common property line between the Vess property and the Salem property. The complaint seeks an order quieting title, declaratory relief and costs.

Salem responded by filing an anti-SLAPP motion to strike the complaint, arguing that the Vesses' claim arises from the building permit process, which is protected activity under Code of Civil Procedure section 425.16, subdivision (e).[1] The trial court denied the motion, concluding that their complaint arises from Salem's plan to build the retaining wall close to a supposed property line, not the permit for the plan. We agree.

While Salem's pursuit of a major grading permit might evidence his intention to build the retaining wall, it does not provide the basis for the Vesses' claim. Their complaint arises from the prospect that Salem will build upon their property. Salem therefore failed to meet his burden to show that the claim at issue arises from protected conduct under the first step of the anti-SLAPP procedure, and the trial court properly denied Salem's anti-SLAPP motion on that ground.

---

[1] Further undesignated statutory references are to the Code of Civil Procedure. "SLAPP" is an acronym for "[s]trategic lawsuit against public participation." (*Briggs v. Eden Council for Hope & Opportunity* (1999) 19 Cal.4th 1106, 1109, fn. 1.)

# FACTUAL AND PROCEDURAL BACKGROUND

## A.  *The Vesses' Claim*

The complaint filed by the Vesses asserts a single claim to quiet title, alleging Salem made written promises that a proposed retaining wall would be 13 feet back from the supposed property line.  They maintain that Salem reneged on those promises and sought a permit to build within two feet of the supposed property line.  The Vesses learned of the change two years after Salem's purported promise when they received a letter requesting comments on the major grading permit.  The Vesses now seek clarity on the property line in order to prevent an adverse claim to their property.



## B.  *Salem's Anti-SLAPP Motion*

Salem responded to the Vesses' complaint with a meet-and-confer letter threatening an anti-SLAPP motion that would expose them "to a significant

award of attorneys' fees, a malicious prosecution action, and abuse of process action." When the Vesses replied that their complaint only alleged a "garden-variety property-line dispute," Salem asserted that their claims "center on petitioning for permits." Consistent with these communications, Salem then filed a motion to strike under section 425.16. The trial court denied Salem's anti-SLAPP motion, and Salem now appeals.[2]

## DISCUSSION

### A. *The Anti-SLAPP Procedure*

Section 425.16 provides for a "special motion to strike" when a plaintiff asserts claims against a person "arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue." (§ 425.16, subd. (b)(1).) Claims arising from protected conduct must be stricken "unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." (*Ibid.*)

Thus, ruling on an anti-SLAPP motion necessitates a two-step process. In the first step, the "moving defendant bears the burden of identifying all allegations of protected activity, and the claims for relief supported by them." (*Baral v. Schnitt* (2016) 1 Cal.5th 376, 396 (*Baral*).) At this stage, the

---

[2] Salem requests we take judicial notice of a series of superior court anti-SLAPP orders in different cases, as well as a trial court order and a vacated Court of Appeal opinion in a case ultimately decided by the Supreme Court. Superior court orders have no precedential value, persuasive or otherwise. (See, e.g., *City of Bakersfield v. West Park Home Owners Assn. & Friends* (2016) 4 Cal.App.5th 1199, 1210 [denying request for judicial notice]; *Bolanos v. Superior Court* (2008) 169 Cal.App.4th 744, 761 [same].) We likewise decline Salem's other requests as either unnecessary (because the documents are included in the record on appeal), improper, or unnecessary to resolve the issue before us.

defendant must make a "threshold showing" that the challenged claims arise from protected activity. (*Rusheen v. Cohen* (2006) 37 Cal.4th 1048, 1056.) If the defendant makes this initial prima facie showing, in the second step the "burden shifts to the plaintiff to demonstrate that each challenged claim based on protected activity is legally sufficient and factually substantiated." (*Baral,* at p. 396.)

Section 425.16, subdivision (b) defines the categories of acts that are in "furtherance of a person's right of petition or free speech." Those categories include "any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law," and "any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law." (*Id.*, subd. (e)(1)–(2).)

We review the grant or denial of an anti-SLAPP motion de novo. (*Soukup v. Law Offices of Herbert Hafif* (2006) 39 Cal.4th 260, 269, fn. 3.) We evaluate independently whether, based on our review of the record, the challenged claim arises from protected activity. (*Schwarzburd v. Kensington Police Protection & Community Services Dist. Bd.* (2014) 225 Cal.App.4th 1345, 1350.) "We do not, however, weigh the evidence, but accept the plaintiff's submissions as true and consider only whether any contrary evidence from the defendant establishes its entitlement to prevail as a matter of law." (*Park v. Board of Trustees of California State University* (2017) 2 Cal.5th 1057, 1067 (*Park*).)

5

B.  *A Claim Arises From Protected Conduct Only if the Protected Conduct Supplies an Element of the Claim*

To show that a claim arises from protected activity under section 425.16, subdivision (b)(1), it is not sufficient to show that the claim "was filed after, or because of, protected activity, or when protected activity merely provides evidentiary support or context for the claim." (*Rand Resources, LLC v. City of Carson* (2019) 6 Cal.5th 610, 621 (*Rand Resources*).) "Rather, the protected activity must 'supply elements of the challenged claim.'" (*Ibid.*, quoting *Park, supra,* 2 Cal.5th at p. 1064.) Accordingly, in this case, Salem needed to show that one or more elements of the claim for quiet title rested on his petition for a grading permit in order to meet his moving burden. (*Park,* at p. 1063; *Wilson v. Cable News Network, Inc.* (2019) 7 Cal.5th 871, 887.) The trial court concluded otherwise, and we agree.

Salem relies upon *Weeden v. Hoffman* (2021) 70 Cal.App.5th 269 (*Weeden*) to support his assertion that the trial court erred in denying his motion. In *Weeden*, this court found that the filing of an abstract of judgment constituted protected activity, which gave rise to Weeden's three causes of action (for quiet title, slander of title, and cancellation of an instrument) and satisfied the first prong of the anti-SLAPP analysis. (*Weeden,* at pp. 286–288.) We distinguish the claim before us from the three claims in the *Weeden* complaint. In *Weeden*, the *only* basis for the defendant's claim to the property at issue—a judgment lien—was the filing of the abstract of judgment and, necessarily, that protected conduct formed the basis of all three causes of action. In this case, Salem's grading permit petition was only indicative of his planned construction project and it was the construction, not the petition, that gives rise to the Vesses' suit.

6

C.    *The Vesses' Claim Does Not Arise from Protected Conduct*

The Vesses do not allege any claim based on Salem's conduct in petitioning the County for a grading permit. They do not, for example, assert a cause of action alleging fraud, misrepresentation, or other improprieties in connection with the permitting process. Instead, they bring a claim for quiet title, seeking declaratory relief and costs. The claim for quiet title has nothing to do with petitioning activity.[3]

Salem seems to argue that the Vesses' claim arises from petitioning activity because, without the petitioning activity, Vess would not be aware of the proposed location of the retaining wall. This argument confuses the legal basis for the quiet title claim with the evidentiary basis to support it. Salem's pursuit of permits shows his intention to construct a retaining wall within two feet of an arguably ambiguous property line. He could demonstrate this same intention in any number of ways that have nothing to do with the petitioning activity or statements made in seeking permits, such as preparing final plans, engaging a landscaping and construction firm, or clearing and marking the land in preparation for construction. As we have explained, it is the planned construction, not the application for a permit, that forms the basis for the Vesses' claim. Although the grading permit had to be approved for Salem to proceed, the incidental need for a permit does not transform a boundary dispute into a claim arising from protected petitioning activity. (See *Wang v. Wal-Mart Real Estate Business Trust* (2007) 153 Cal.App.4th 790, 794.) The anti-SLAPP statute does not "swallow a person's

---

[3]    Under section 761.020, a verified complaint for quiet title requires a description of the property, the basis for the title, the adverse claims to the title, the date of determination sought, and the prayer for relief.

every contact with government." (*Rand Resources, surpa,* 6 Cal.5th at p. 630.)

If Salem had never applied for a grading permit and instead proceeded to build a retaining wall in the proposed location, the Vesses would certainly have become aware of the wall's location and still had grounds to pursue quiet title. "[A] claim is not subject to a motion to strike simply because it contests an action or decision that was arrived at following . . . petitioning activity." (*Park, supra,* 2 Cal.5th at p. 1060.) Where protected actions merely serve as *evidence* of a claim but are not *elements* of a claim, an anti-SLAPP motion is inappropriate. (*Id.* at p. 1068.)

Salem acknowledges that the thrust of the Vesses' complaint is not his petitioning activities. At argument on the anti-SLAPP motion, he referenced the comment in the court's tentative ruling that "the only issue is the location of the property line" and unequivocally stated, "we don't dispute that." Further, Salem indicates in his opening brief that the lawsuit is "meant to chill a neighbor from building a new home."[4] Significantly, he does not contend that the Vesses meant to chill his petitioning activity—to deter him from applying for grading permits. We agree that "the only issue is the location of the property line" and must conclude that Salem cannot use his petition for a grading permit as a shield from a property line dispute. The Vesses were not required to wait until Salem began actual construction to file this lawsuit.

---

[4]    The Vesses filed a motion to strike portions of Salem's opening brief; we deny this request as the challenged briefing is not necessary to decide this appeal.

At best, Salem's arguments support a theory that the Vesses' action was "filed after, or because of" Salem's petitioning activity, and that the permit request may provide "evidentiary support or context for the claim." (*Rand Resources, LLC v. City of Carson* (2019) 6 Cal.5th 610, 621.)  The petitioning conduct, therefore, does not constitute an element of the Vesses' claim.  Salem did not make a prima facie case and, accordingly, we need not address the second prong of the anti-SLAPP motion analysis.  Given the failure at the prima facie stage, the trial court properly denied Salem's anti-SLAPP motion.

DISPOSITION

The trial court's order is affirmed.  The Vesses are entitled to their costs on appeal.

DATO, J.

WE CONCUR:

HUFFMAN, Acting P. J.

KELETY, J.

9